IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin Loper,                :        Case No. 3:04 CV 2499

    Petitioner,          :

vs.                          :

Margaret Bradshaw,           :        **MAGISTRATE'S REPORT AND RECOMMENDATION**

    Respondent.          :

This matter is before the undersigned Magistrate pursuant to Local Rule 72.2(b)(2)[1]. The Petition for a Writ of Habeas Corpus, challenging the effectiveness of trial and appellate counsel and Petitioner's right to due process, was filed pursuant to 28 U.S.C. § 2254[2] (Docket No. 1). Respondent Margaret Bradshaw, Warden of the Mansfield Correctional Institution, filed a Return (Docket No. 9) to which

---

[1] The Clerk shall refer all pro se petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition, to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1, *Duties of United States Magistrate Judges*.

[2] The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States. 28 U. S. C. § 2254(a) (Thomson/West 2005).

Petitioner filed a Traverse (Docket No. 12). For the reasons that follow, the Magistrate recommends that the writ be denied.

## FACTUAL BACKGROUND

Petitioner was convicted of possessing phencyclidine (PCP) in quantities between five and fifty times the bulk amount, crack cocaine in quantities exceeding one hundred grams and criminal tools (Docket No. 9, Exhibit 3). On April 19, 2000, Petitioner was sentenced to the Lorain Correctional Institution for seven years for possessing PCP, ten years for possessing crack cocaine and eleven months for possessing criminal tools[3]. Petitioner was ordered to serve such sentences concurrently but consecutive to any sentence imposed by the parole board for parole violations (Docket No. 9, Exhibit 4).

## PROCEDURAL BACKGROUND

Petitioner's appellate counsel filed a direct appeal challenging the sufficiency of the evidence on which his conviction is based[4] (Docket No. 9, Exhibit 6). On June 23, 2003, the Court of Appeals of Ohio, Eighth Appellate District, affirmed Petitioner's conviction and remanded the case to the trial court for execution of his sentence (Docket No. 9, Exhibits 9 & 10). On October 17, 2003, Petitioner, *pro se*, filed an application for delayed reopening of his direct appeal in the Court of Appeals[5] (Docket No. 9,

---

[3] At the time he filed the Writ, Petitioner was confined to the Mansfield Correctional Institute (Docket No. 1).

[4] Appellate Counsel argued that there was insufficient evidence from which a jury could find Petitioner guilty beyond a reasonable doubt. Counsel did not argue that trial counsel was ineffective (Docket No. 12).

[5] Petitioner argued that he was deprived of the effective assistance of counsel.

Exhibit 15). The Court of Appeals denied the application for reopening.[6] Petitioner filed a Notice of Appeal on the denial of his Application to Reopen his direct appeal on or about June 21, 2004 (Docket No. 9, Exhibits 19). The appeal was dismissed on September 1, 2004 (Docket No. 9, Exhibit 23).

On or about July 21, 2003, Petitioner, *pro se*, appealed the Court of Appeal's decisions to the Supreme Court of Ohio (Docket No. 9, Exhibit 11). In October 2003, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal (Docket No. 9, Exhibit 13). Petitioner filed a Notice of Appeal challenging the denial of the Application to Reopen Direct Appeal on June 28, 2004 (Docket No. 9, Exhibit 19). The Supreme Court denied such Application in September 2004 (Docket No. 9, Exhibit 18).

Petitioner filed this Writ of Habeas Corpus alleging that he was denied effective assistance of trial and appellate counsel and that he was deprived of personal property without due process (Docket No. 1). Respondent argues in the Return of Writ that Petitioner has procedurally defaulted, through the application of *res judicata*, on the issues contained in his grounds for relief. Accordingly, Respondent contends that Petitioner's Petition for Writ of Habeas Corpus should be dismissed.

## **JURISDICTION**

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518,

---

[6] The application was denied on the basis that Petitioner's *res judicata* request for reopening was barred and he failed to meet his burden to demonstrate that there was a genuine issue of a colorable claim of ineffective assistance of trial or appellate counsel (Docket No. 9, Exhibit 17).

521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).  Petitioner was convicted in the Court of Common Pleas for Cuyahoga County, Ohio.  Petitioner alleges that the deprivation of the effective assistance of counsel and due process prior to the forfeiture of his personal property, is a violation of his constitutional rights.  Accordingly, this Court has jurisdiction over Petitioner's claims.

## ANALYSIS

*Evidentiary Hearing*

The habeas corpus statute authorizes an evidentiary hearing in circumstances where the factual basis of a claim has not been adequately developed in state court proceedings or when the state court proceedings were seriously defective.  28 U. S. C. § 2254(d) (Thomson/West 2005).  A district court is without authority to hold an evidentiary hearing on a matter on which the state court has made findings unless one of the factors contained in Section 2254(d) applies.  *Abdur'Rahman v. Bell*, 226 F.3d 696, 704 (6th Cir. 2000) *cert. denied*, 122 S. Ct. 386 (2001).  A petitioner who has not developed the record in state court is entitled to an evidentiary hearing only if he or she shows (1) "cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure" or (2) "that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing."  *Id.* at 704-705.  A district court abuses its discretion by ordering such a hearing without first requiring the petitioner to make the requisite showing.  *Id.*

Respondent contends that the case can be decided from the record.  Petitioner does not argue or show that (1) the facts were not developed in state court or (2) a miscarriage of justice would result from the failure to hold an evidentiary hearing.  Accordingly, the Magistrate finds that Petitioner's claim can be resolved from the pleadings in the record and an evidentiary hearing is not required to assess whether

4

appellate counsel failed to raise cognizable legal claims on appeal.

*Exhaustion of Remedies*

Respondent concedes that Petitioner has exhausted his state court remedies by presenting all of his constitutional claims to the highest court in the state in the Application for Delayed Reopening. Therefore, Petitioner is foreclosed from presenting any claims in federal court that could have been raised during the appeal.

Petitioner argues that the state court incorrectly applied *res judicata* to the issues set forth in the application to reopen the direct appeal. He further contends that even if such issues are barred because they were addressed by the highest court in the state, such procedural default can be "overcome, or established not to exist."

A final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *Coleman v. Mitchell*, 244 F. 3d 533, 538 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 405 (2001) (*citing State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (1967)). The court can only grant a petition for a writ of habeas corpus if the petitioner exhausted the remedies available in state court prior to seeking review of the conviction. *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) *cert. denied,* 125 S. Ct. 1316 (2004). An applicant will not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he or she has the right under the law of the state to raise, by any available procedure, the question presented. *Id.* at 437 (*citing*

28 U.S.C. § 2254(c) (Thomson/West 2004)). A petitioner for federal habeas corpus relief is (1) only required to raise his or her claims before the state's highest court and have no remaining state remedies, *Id.* (*citing Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)) and (2) fairly present the substance of each of his or her federal constitutional claims to the state courts[7]. *Id.* (*citing Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (citations omitted); *See also O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999)).

Petitioner has no remaining state procedure for bringing the claims before the state court. Petitioner first raised his claims of ineffective assistance of counsel and illegal forfeiture of personal property in the appellate court (Docket No. 9, Exhibit 17). The Eighth District Court of Appeals found that neither trial nor appellate counsel were deficient in their representation and that Petitioner consented to the forfeiture of his personal property. Petitioner sought appellate review in the Supreme Court of Ohio (Docket No. 9, Exhibit 19).

Because Petitioner has exhausted all possible state remedies, there is no procedural default in this case. The Magistrate finds that the Petitioner's claims of ineffective assistance of counsel in the trial and appellate courts and unlawful forfeiture of personal property are res judicata.

*Merits of the Writ of Habeas Corpus*

In a habeas corpus proceeding, the Sixth Circuit reviews the district court's legal conclusions *de*

---

[7] A petitioner can take four actions in his or her brief which are significant to the determination as to whether a claim has been fairly presented: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Clinkscale* (*citing Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2004); *See also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993)*, cert. denied,* 113 S. Ct. 3001 (1993)).

*novo* and its factual findings for clear error. *Miskel v. Karnes*, 397 F.3d 446, 451 (6th Cir. 2005) (*citing Vincent v. Seabold*, 226 F.3d 681, 684 (6th Cir.2000) *cert. denied*, 121 S. Ct. 2207 (2001)). A district court decision will be overturned and a writ of habeas corpus granted if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Id.* (*citing* 28 U.S.C. § 2254(d)(1) (Thomson/West 2005)). As a threshold matter, a legal doctrine is not "clearly established Federal law, as determined by the Supreme Court" unless it is based on "holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision." *Id*. (*citing Williams v. Taylor*, 120 S. Ct. 1495 (2000); *see also Lockyer v. Andrade*, 123 S. Ct. 1166, 1172 (2003)).

A state court's decision is contrary to clearly established Federal law if it (1) arrives at a legal holding that contradicts a Supreme Court precedent or (2) involves facts that are materially indistinguishable from a Supreme Court case but nonetheless arrives at a substantially different result. *Id.* (*citing Taylo*r, 120 S. Ct. at 1518-1519). An unreasonable application of clearly established Federal law occurs if "the state court identifies the correct governing legal rules from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular prisoner's case" or if the state court extends a Court precedent to a context where it should not apply, or fails to extend it to a context where it should apply. *Id.* (*citing Taylor*, at 406-409, 120 S. Ct. at 1519-1520).

Petitioner failed to identify a Supreme Court precedent that contradicts the holding in his state case or demonstrate that the state court misapplied a Supreme Court governing principle to a set of identical facts to those in which the principle was announced. Accordingly, the Magistrate is unable to find that the state court's decision resulted from an unreasonable application of clearly established federal law.

For these reasons, the Magistrate recommends that Petitioner's Writ of Habeas Corpus be denied, the case dismissed and the referral to the Magistrate terminated.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

Notice

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.